MAY 15 2008
FILED
MAY 1 5 2008   NF
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REGINALD DOSS ) | |
| ) | Case No. 08 CV 2145 |
| Plaintiff, ) | |
| ) | Judge GRADY |
| v. ) | |
| ) | Magistrate Judge ASHMAN |
| POLICE OFFICER RICHMOND #49, ) | |
| and the CITY OF ) | |
| COUNTRY CLUB HILLS, individually, ) | Jury Demand |
| ) | |
| Defendants. ) | |
| ) | |

### COUNTRY CLUB HILL'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

NOW Comes Defendant City of Country Club Hills individually, by and through their attorneys, Keefe, Campbell & Associates, herby file the following motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) as follows:

1. Plaintiff filed the complaint in this matter on April 15, 2008.

2. Defendant received a copy of the complaint on April 16, 2008.

3. Plaintiff fails to allege a claim upon which relief can be granted as to individual Defendant City of County Club Hills.

4. Plaintiff admits he cooperated with his arrest and in the custody of the police prior to any alleged use of excessive force.

5. Plaintiff invokes the Fourth Amendment. That amendment provides for the protection of the right of a citizen to be "secure in their persons ... and against unreasonable ... seizures" of the person.

6. The Supreme Court had previously stated in *Gerstein v. Pugh*, 420 U.S. 103 (1975), that the Fourth Amendment was the constitutional provision to use when evaluating questions of probable cause for arrest and detention.

7. The Seventh Circuit has stated the proper provision in a case in which a person has been arrested but not charged or convicted should be the due process clause. *Wilkins v. May*, 872 F.2d 190, 195 (C.A.7 (Ill.),1989)

8. For evaluating the constitutionality of conditions or restrictions of post-arrest custodial detention, the Supreme Court has specifically directed that the "proper inquiry" is "whether those conditions or restrictions amount to punishment of the detainee" under the Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520 at 535 (1979)

9. Therefore, if a plaintiff is in custody, then the more stringent Due Process standard applies, wherein the Plaintiff must show the officer inflicted unnecessary and wanton pain and suffering. *Hope v. Pelzer*, 536 U.S. 730 (2002)

10. Plaintiff has failed to allege any Due Process violations in his complaint.

11. Furthermore, under 42 U.S.C. § 1983, and pursuant to *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 515 (7th Cir.2007), Plaintiff must plead "a municipal policy or custom" alleging any of the following:

    a. "the City had an express policy that, when enforced, causes a constitutional deprivation;"
    b. "the City had a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage within the force of law; or"
    c. "plaintiff's constitutional injury was caused by a person with final policymaking authority."

12. Plaintiff fails to allege any such specific facts against the City of Country Club Hills which would make them an appropriate party under 42 U.S.C. § 1983.

13. Plaintiff's allegation of a single incident of alleged unconstitutional activity is insufficient to impose liability under a 42 U.S.C. § 1983 claim "unless proof of the incident was caused by an existing unconstitutional municipal policy is also provided." *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823 (1985).

14. Plaintiff can prove no set of facts in support of his claim for individual liability against the City of Country Club Hills which would entitle him to relief under 42 U.S.C. § 1983.

WHEREFORE, Defendant Country Club Hills respectfully requests this Honorable Court grant this 12(b)(6) motion to dismiss as to Country Club Hills, individually as Plaintiff has failed to allege sufficient facts upon which relief may be granted and can prove no set of facts which would entitle him to relief under his complaint as filed.

_____
Eugene F. Keefe, counsel for the
City of Country Club Hills

KEEFE, CAMPBELL & ASSOCIATES LLC
118 N. CLINTON, SUITE 300
CHICAGO, ILLINOIS 60661
(312) 756-1800

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REGINALD DOSS ) | |
| ) | Case No. 08 CV 2145 |
| Plaintiff, ) | |
| ) | Judge GRADY |
| v. ) | |
| ) | Magistrate Judge ASHMAN |
| POLICE OFFICER RICHMOND #49, ) | |
| and the CITY OF ) | |
| COUNTRY CLUB HILLS, individually, ) | Jury Demand |
| ) | |
| Defendants. ) | |
| ) | |

### CERTIFICATE OF SERVICE

Eugene F. Keefe, an attorney, hereby certifies that on May 15, 2008, he caused copies of the foregoing MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) to be filed with the court and served via regular and electronic mail, upon counsel for plaintiff, at the addresses below:

Gregory E. Kulis
Gregory E. Kulis and Associates, Ltd.
30 North LaSalle Street
Suite 2140
Chicago, IL 60602
(312) 580-1830
Email: vsmith@kulislawltd.com

David Steven Lipschultz
Gregory E. Kulis and Associates
30 N. LaSalle Street
Suite 2140
Chicago, IL 60602
(312) 580-1830
Email: dlipschultz@kulislawltd.com

Kathleen Coyne Ropka
Gregory E. Kulis and Associates, Ltd.
30 North LaSalle Street
Suite 2140
Chicago, IL 60602
(312) 580-1830
Email: kropka@kulislawltd.com

Ronak D. Patel
Gregory E. Kulis & Associates, Ltd.
30 N. LaSalle Street
Suite 2140
Chicago, IL 60602
312 480 1830
Email: rpatel@kulislawltd.com

Shehnaz I. Mansuri
Gregory E. Kulis and Associates, Ltd.
30 North LaSalle Street
Suite 2140
Chicago, IL 60602
(312) 580-1830
Email: smansuri@kulislawltd.com

Respectfully Submitted,

_____
Eugene F. Keefe

Keefe & Associates, LLC.
118 North Clinton, Suite 300
Chicago, IL 60661
312-756-1800